**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHONTA McPHERSON,** | : | **CIVIL NO. 1:CV-12-0038** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DAVID EBBERT,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Shonta McPherson is an inmate confined at the Federal Correctional Institution at Allenwood-Medium, Pennsylvania. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 9, 2012, wherein he challenges the number of good conduct days he lost pursuant to the sanction imposed by the Disciplinary Hearing Officer ("DHO") for the Code 222 offense of possessing intoxicants. Specifically, he maintains that the sanctions imposed exceed those permitted for a 200-level offense. On February 2, 2012, a response to the petition was filed. (Doc. No. 7.) A traverse was subsequently submitted by McPherson. (Doc. No. 8.) On July 13, 2012, McPherson filed a supplement to his petition. (Doc. Nos. 9, 10.) A response to the supplement was filed by Respondent. (Doc. No. 13.) No further filings were submitted by McPherson in reply to the supplemental response. The matter is ripe for consideration and, for the reasons that follow, the petition will be denied.

## I.    Factual Background

McPherson is currently serving a 150-month federal sentence for a drug-related conviction. (Doc. No. 7, Ex. 1, McCluskey Decl. ¶ 4.) His projected release date is July 27, 2017, via good conduct time release. (Id.) On July 19, 2011, a correctional officer at FCI-Allenwood found a bag containing a liquid substance in between the mattress and the bunk

assigned to McPherson.  (Doc. No. 7, Ex. 1 at ¶ 5; Attach. B, Incident Report § 11.)  McPherson

told the correctional officer that the liquid belonged to him.  (Id.)  The liquid tested positive for

intoxicants.  (Id.)  As a result, the officer issued Incident Report #2187905 to McPherson

charging him with a Code 222 violation for possession of intoxicants.  (Id. § 9.)  A copy of the

incident report was delivered by a BOP staff member to McPherson on July 20, 2011.  (Id. §§

14-16.)

On July 25, 2011, McPherson appeared before the Unit Discipline Committee ("UDC")

and admitted that he was guilty.  (Id. §§ 17-21.)  The UDC referred the charge to the DHO for

further hearing.  (Doc. No. 7, Ex. 1 at ¶ 5; Attach. B.)  At the UDC hearing, a staff member

advised McPherson of his rights before the DHO, and McPherson signed a copy of the "Inmate

Rights at Discipline Hearing" form.  (Id., Ex. 1 at ¶ 5; Attach C.)  He also signed the form

entitled "Notice of Discipline Hearing Before the DHO."  (Id.)  On that form, he indicated that

he did not wish to have a staff representative or any witnesses. (Id.)

On July 28, 2011, the DHO hearing was conducted.  (Doc. 7, Attach. D, DHO Report.)

The DHO noted that McPherson was provided with a copy of the incident report on July 20,

2011, and that he was advised of his rights on July 25, 2011.  It was further noted that

McPherson indicated that he understood his rights, and that he waived the appearance of a staff

representative and did not wish to have any witnesses.  (Id. §§ I (A)-(C) and III (C)(1).)

At the DHO hearing, McPherson again admitted to the offense charged and stated that

"the report is true."  (Id. § III (A)-(B).)  After considering all available evidence including the

incident report, investigation, and photographs of the intoxicants, the DHO concluded that the

greater weight of the evidence supported the finding that McPherson committed the Code 222

2

offense of making, possessing or using intoxicants on July 19, 2011. (Id. §§ III-V.) It was noted

by the DHO that this was McPherson's fourth Code 222 offense. (Id. §§ IV(B), VI and VII.)

McPherson's disciplinary record indicates that he also violated Code 222 on March 20, 2010,

February 6, 2011, and April 21, 2011. (Doc. No. 7, Ex. 1, McCluskey Decl., Attach. E.)

On the same date as the hearing, the DHO issued a written decision and delivered a copy

of it to McPherson. (Id. § IX.) McPherson was sanctioned to sixty (60) days in disciplinary

segregation, a fifty-four (54) day disallowance of good conduct time, a 243-day forfeiture of

non-vested good conduct time, a one (1) year loss of telephone and visiting privileges, and a four

(4) month loss of commissary privileges. (Id. § VI.) It was noted in the report that as

McPherson's fourth Code 222 violation, this conduct represented a "highly aggravated offense

which greatly jeopardizes the safety of staff and inmates." (Id. § VII.)

McPherson has filed the instant petition and supplement thereto challenging the sanctions

he received from the DHO. Specifically, he maintains that the number of non-vested good time

days lost should have been far fewer. He also maintains that he did not have prior Code 222

violations.

## II.    Discussion

The BOP disciplinary process is fully set forth in the Code of Federal Regulations, Title

28, Sections 541 through 541.8.[1] These regulations dictate the manner in which disciplinary

---

[1] The Court notes that the BOP's Inmate Discipline Program Regulations were revised and that the new regulations became effective on June 20, 2011. For some unknown reason, McPherson was charged under the regulations formerly set forth at 28 C.F.R. §§ 541.1-541.17, as opposed to the newly revised regulations that went into effect several weeks prior to McPherson's incident (now 28 C.F.R. 541.1-541.8). While the numbering of the regulations changed, the substance of the regulations basically remained the same with respect to the disciplinary review process. Minor changes were made, however, with respect to the section of

action may be taken should a prisoner violate institutional rules.  The first step requires filing an

incident report and conducting an investigation.  Staff is required to conduct the investigation

promptly absent intervening circumstances beyond the control of the investigator.  <u>See</u> 28 C.F.R.

§ 541.5 (formerly §541.14).  Following the investigation, the matter is then referred to the UDC

for a hearing pursuant to 28 C.F.R. § 541.7 (formerly § 541.15.).  If the UDC finds that a

prisoner has committed a prohibited act, it may impose minor sanctions.  If the alleged violation

is serious and warrants consideration for more than minor sanctions, or involves a prohibited act

listed in the greatest or high category offenses, the UDC refers the matter to a DHO for a

hearing.  <u>Id</u>.  Based upon the seriousness of the charges against McPherson and the requirement

of sanctions greater than could be afforded by the UDC, the instant matter was referred for a

disciplinary hearing.

Greatest category offenses carry a possible sanction of loss of good conduct time credits.

When a prison disciplinary hearing may result in the loss of good conduct time credits, due

process requires that the prisoner receive (1)  written notice of the claimed violation at least

twenty-four (24) hours in advance of the hearing, (2) an opportunity to call witnesses and present

documentary evidence in his or her defense when doing so would not be unduly hazardous to

institutional safety or correctional goals, and (3) a written statement by the factfinder as to

---

the regulations wherein prohibited acts and available sanctions are listed.  Under the former
regulations, McPherson's offense of possessing intoxicants was listed as a Code 222 violation,
falling under the category of "High Severity Level Prohibited Acts."  Under the new regulations,
this conduct is now classified as a more severe infraction - a Code 113 violation listed under the
category of "Greatest Severity Level Prohibited Acts."  The Court will analyze it under the
category for which it was charged as there would be no difference with respect to the resulting
sanctions even if McPherson was charged with a Code 113 as opposed to a Code 222 violation.

evidence relied on and reasons for the disciplinary action.  See Wolff v. McDonnell, 418 U.S.

539, 564-66 (1974).  The DHO's decision is required to be supported by some evidence in the

record.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985); see also Young v. Kann, 926 F.2d

1396, 1402-03 (3d Cir. 1991)(applying Hill standard to federal prisoner due process challenges

to prison disciplinary proceedings).  The determination of whether the standard is satisfied "does

not require examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary board."

Hill, 472 U.S. at 455-56.  Under Hill, judicial review of a prison disciplinary decision is limited

to ensuring that the prisoner was afforded certain procedures, the action against him was not

arbitrary, and that the ultimate decision has some evidentiary support.  Id. at 457; see also 28

C.F.R. § 541.8(f) (formerly § 541.17(f)) (requiring that the DHO's decision be "based upon at

least some facts and, if there is conflicting evidence, on the greater weight of the evidence.").

Moreover, "[t]he sufficiency standard is met where a DHO supports a finding of culpability

solely by reference to an incident report compiled by a corrections officer."  Moles v. Holt, 221

F. App'x 92, 94 (3d Cir. 2007)(citations omitted).

### A.      McPherson afforded all required due process protections

The documents submitted by Respondent reveal that the procedural requirements of

Wolff and Hill have been met in the instant case.  McPherson admitted to the charge against him

and some evidence existed to support the finding that the committed the prohibited act of

making, possessing or using intoxicants.  He received written notice of the charges more than

twenty-four (24) hours before his DHO hearing.  There are no allegations that the DHO was no

impartial. McPherson was afforded the opportunity to present witnesses and documentary evidence and to have a staff representative which he waived. He was provided with a written statement of the evidence relied upon by the DHO in reaching his decision and was advised of his right to appeal. McPherson also received a copy of the DHO report. As supported by the record, the DHO's decision meets or exceeds the "some evidence" standard.

## B. Challenge to sanctions imposed

McPherson challenges the sanctions imposed by the DHO. He also disputes that this incident constituted the fourth offense with respect to the same type of conduct. Pursuant to the BOP's inmate discipline program, including all applicable Tables, all sanctions imposed upon McPherson were in accordance with BOP policy based on the severity of the offense and the fact that the instant offense was McPherson's fourth possession of intoxicants violation within eighteen (18) months. Under 28 C.F.R. § 541.13, the following are some of the sanctions that are available for 200-level offenses (see Tables 3 and 4 of § 541.13)[2]: forfeiture of non-vested good conduct time up to 50% or 60 days, whichever is less; disallowance ordinarily between 25 and 50% of good conduct time available for a year (14-27 days); disciplinary segregation up to 30 days; and loss of privileges. In addition, pursuant to § 541.13(e), the DHO may impose increased sanctions for repeated offenses according to the guidelines contained in Table 5 of § 541.13. Table 5 allows for the imposition of sanctions available in the High (200) and Greatest (100) categories of offenses for any third violation (or more) of a 200 series offense within an

---

[2]  Again, the Court will analyze the sanctions imposed under the former regulations. If McPherson had been charged under the new regulations his offense would have been a "Greatest Severity Level Prohibited Act" as set forth in Table 1 of 28 C.F.R. § 541.3, and would have carried the same sanctions.

18-month period.

The record reveals that McPherson had three (3) prior Code 222 offenses (March 20, 2010, February 6, 2011 and April 21, 2011). (Doc. No. 7, Ex. 1, McCluskey Decl., Attach. E, Chronological Disciplinary Record). Since the instant Code 222 offense was McPherson's fourth offense within a 16-month period, the DHO was permitted to impose the sanctions available for a 100 level offense. Pursuant to Table 3 of § 541.13, some of those available sanctions include: forfeiture of non-vested good conduct time up to 100%; disallowance ordinarily between 50 and 75% of good conduct time available for a year (27-41 days); disciplinary segregation up to 60 days; and loss of privileges.

Based upon the foregoing, the sanctions imposed by the DHO for the forfeiture of non-vested good conduct time, disciplinary segregation and the loss of privileges were within those available for a 100-level, greatest severity prohibited act. With respect to the imposition of the 54-day disallowance of good conduct time sanction, the DHO may go above the guideline range for a greatly aggravated offense or where there is a repetitive violation of the same prohibited act within a relatively short time frame. See Table 4(b.1), 28 C.F.R. § 541.13. In the instant case, it is clear that the sanctions previously imposed for the earlier Code 222 violations had little impact in changing McPherson's behavior. A Code 222 violation for manufacturing, possessing and/or using intoxicants in prison is a serious infraction and, as such, the DHO's action in imposing a 54 day disallowance of good conduct time was not disproportionate to McPherson's conduct.[3]

_____

[3] By way of comparison, had McPherson been charged under the language of the new regulations, his conduct would have been classified as a Code 113 violation, a prohibited act under the Greatest Severity Level. See 28 C.F.R. § 541.3, Table 1. The available sanctions for such offenses include, but are not limited to the following: the forfeiture and/or withholding of earned statutory good time or non-vested good conduct time (up to 100%) and/or termination or

Finally, while McPherson maintains that he had no prior Code 222 violations, his Chronological Disciplinary Record clearly demonstrates that he had previously been found guilty of Code 222 offenses on March 20, 2010, February 6, 2011, and April 21, 2011. (Doc. No. 7, Ex. 1, McCluskey Decl.; Attach. E, Chronological Disciplinary Record.) Further, in his memorandum n support of his habeas petition McPherson states that the DHO informed him that the increased sanctions were imposed "to deter future misconduct" because McPherson "did not learn his lesson." (Doc. No. 10 at 1.) The record supports this statement by the DHO. (Doc. No. 7, Attach. D, DHO Report.) As such, because McPherson admitted to committing the charged conduct, was provided with all required due process procedures, the DHO's findings were supported by some evidence, and the sanctions were within the permissible range, the instant habeas petition lacks merit. An appropriate order follows.

---

disallowance of extra good time; the disallowance ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for a year; disciplinary segregation (up to 12 months); and the loss of privileges. Id. All of the sanctions imposed upon McPherson fall within these available sanctions and, as such, it cannot be argued that he received any additional sanctions that would not be warranted had he been charged with a Code 113 violation as opposed to a fourth Code 222 violation.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHONTA McPHERSON,** | : | **CIVIL NO. 1:CV-12-0038** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DAVID EBBERT,** | : | |
| **Respondent** | : | |

## O R D E R

**AND NOW**, this 6th day of December, 2012, for the reasons set forth in the memorandum accompanying this order, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania